UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VAO SOK, <br><br> Petitioner, <br><br> v. <br><br> LOIS RUSSO, <br><br> Respondent. | Civil Action No. 04-12674-NG |

### RESPONDENT'S MEMORANDUM OF LAW
### IN SUPPORT OF HER MOTION TO DISMISS

Respondent Lois Russo, in her capacity as Superintendent of the Souza-Baranowski Correctional Center (the "Respondent"), hereby submits this Memorandum of Law in support of her Motion to Dismiss (the "Motion").[1] The Habeas Corpus Petition (the "Petition") filed by Petitioner Vao Sok (the "Petitioner") is improper, because it does not comply with the timing requirements applicable to such petitions.[2]

---

[1] Filed herewith is an Appendix containing documents relevant to the issue of whether the Petitioner previously exhausted state remedies, pursuant to this Court's Order of February 18, 2005. The offering of such documents should not be construed as implying that the Respondent considers the Petitioner to have fully complied with the statutory exhaustion requirement. In fact, it is the Respondent's position that, even if the Petition were not time-barred, its dismissal would be warranted based on the Petitioner's failure to "fairly and recognizably" present to the state's highest court the "factual underpinnings" and "legal foundation" of each and every federal claim in his Petition. Adelson v. DiPaola, 131 F.3d 259, 262 (1st Cir. 1997); see also Rose v. Lundy, 455 U.S. 509, 518 (1982) (indicating that exhaustion requirement is not satisfied unless all federal claims in petition have been exhausted, and affirming that statutory scheme requires dismissal of petition containing any nonexhausted claims).

[2] Since the petition must be dismissed for the grounds stated herein, the Respondent does not address herein the merits of the Petition. Should this Court rule that the Petitioner may proceed with his habeas corpus action, the Respondent respectfully requests the opportunity to file an answer and a proposed scheduling order for the parties to brief the merits of the Petition.

## BACKGROUND

The Petitioner is currently an inmate at the Souza-Baranowski Correctional Center. (Petition at 1.) He was indicted on May 28, 1992 on charges of murder in the first degree under a theory of felony murder (Count I), rape by force of a child under the age of sixteen (Count II), and kidnapping (Count III). (Super. Ct. Docket, a true and accurate copy of which is attached to the accompanying Appendix as Exhibit A.) At his June 1, 1992 arraignment, the Petitioner pled not guilty on all counts. (Super. Ct. Docket.) He was tried in the Suffolk County, Massachusetts, Superior Court (the "Superior Court") before the Honorable Vieri Guy Volterra and a jury over the course of six days between September 15 and September 29, 1998. On October 1, 1998, the Petitioner was found guilty on all three counts of the indictment. (Super. Ct. Docket.) He was sentenced that day to serve concurrent life terms on the murder and rape charges, and a concurrent term of between eighteen and twenty years on the kidnapping charge. (Super. Ct. Docket.) The Petitioner was ordered to serve his sentence at the Massachusetts Correctional Institution at Cedar Junction ("MCI-Cedar Junction"). (Super. Ct. Docket.) He was also assessed a $60 victim-witness fee and was given credit for 1,491 days of time served. (Super. Ct. Docket.)

The Petitioner filed a Notice of Appeal on the day of his conviction and sentencing. (Super. Ct. Docket.) Additionally, on October 9, 1998, he filed an appeal of his sentence to MCI-Cedar Junction. (Super. Ct. Docket.)

The appeal of the Petitioner's conviction was entered on the docket of the Massachusetts Supreme Judicial Court ("SJC") on November 24, 1999. (SJC Docket No. SJC-08165, a true and accurate copy of which is attached to the accompanying Appendix as Exhibit B.) Additionally, on or about March 2, 2000, the Petitioner filed a Motion for a New Trial in the

2

Superior Court. (SJC Docket No. SJC-08165.) As a result, the SJC issued an order staying appellate proceedings pending the disposition of the Petitioner's Motion for a New Trial and directing that any appeal of the decision on such motion be consolidated with the Petitioner's direct appeal of his conviction. (SJC Docket No. SJC-08165.) The Motion for a New Trial was denied by the Superior Court (Volterra, J.) in a Memorandum and Order dated August 23, 2000. (Super. Ct. Docket.) The Petitioner filed a Notice of Appeal of that decision on September 6, 2000. (Super. Ct. Docket.) The SJC affirmed both the judgment against the Petitioner and the denial of his Motion for a New Trial in a February 1, 2002 decision. (SJC Docket No. SJC-08165.) Commonwealth v. Vao Sok, 435 Mass. 743, 761 N.E.2d 923 (2002), a true and accurate copy of which is attached to the accompanying Appendix as Exhibit G.

The Petitioner nevertheless filed a second Motion for a New Trial on July 11, 2002. (Super. Ct. Docket.) The motion was denied by the Superior Court (Spurlock, J.) on September 3, 2002. (Super. Ct. Docket.) On September 23, 2002, the Petitioner filed a Notice of Appeal of that decision. (Super. Ct. Docket.) He also filed a letter with the SJC on December 2, 2002, in which he indicated that he was appealing the denial of his second Motion for a New Trial and requested that his appeal be entered. (SJC Docket No. SJC-08165; Petitioner's Letter to SJC Clerk, a true and accurate copy of which is attached to the accompanying Appendix as Exhibit H; SJC Clerk's Response to Petitioner's Letter, a true and accurate copy of which is attached to the accompanying Appendix as Exhibit I.) Subsequently, on December 24, 2002, the Petitioner filed a Request by Pro Se Appellant to the Single Justice of the Massachusetts Supreme Judicial Court for Permission to Appeal to the Full Court in the Collateral Appeal of a First Degree Murder Conviction. (SJC Docket No. SJ-2002-0590, a true and accurate copy of which is attached to the accompanying Appendix as Exhibit C; Petitioner's Request for Appeal, a true and

accurate copy of which is attached to the accompanying Appendix as <u>Exhibit J</u>.) On October 8, 2003, the Single Justice of the SJC (Ireland, J.) denied the Petitioner's application for leave to appeal from the denial of his second Motion for a New Trial. (SJC Docket No. SJ-2002-0590.)

The Petitioner filed no further papers challenging his conviction or the denial of his new trial motions until his filing of the Petition at issue in the United States District Court on December 13, 2004. (Super. Ct. Docket; SJC Docket No. SJC-08165; SJC Docket No. SJ-2002-0590.)

## **ARGUMENT**

### **The Petition is time-barred.**

The Petition must be dismissed because it was not filed within the limitations period applicable to habeas corpus petitions challenging state convictions. Section 2244 of Title 28 of the United States Code provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4

>  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), P.L. No. 104-132, 110 Stat. 1214 (effective April 24, 1996).

The Petition at issue here clearly was not timely filed. The SJC denied the Petitioner's direct appeal and first Motion for a New Trial on February 1, 2002. (SJC Docket No. SJC-08165.) At that point, the judgment against the Petitioner became final for purposes of § 2244(d). 28 U.S.C. § 2244(d)(1)(a). Even if the Petitioner's time for filing his Petition was subject to tolling roughly five months later with the filing of his second Motion for a New Trial, any period of tolling would have concluded on October 8, 2003, when the Single Justice of the SJC denied his application for leave to appeal from the denial of said motion (SJC Docket No. SJ-2002-0590). See 28 U.S.C. § 2244(d)(2) (providing for limitations period to be tolled during period that properly filed application for collateral review is pending). That decision of the Single Justice was fully consonant with his authority under the provision of the Massachusetts General Laws concerning SJC review in capital cases. M.G.L. c. 278, § 33E ("If any motion is filed in the superior court after rescript, no appeal shall lie from the decision of that court upon such motion unless the appeal is allowed by a single justice of the supreme judicial court on the ground that it presents a new and substantial question which ought to be determined by the full court.") Accordingly, the Petitioner's filing of his Petition on December 13, 2004 was beyond the time afforded to him under § 2244.

In light of the Petitioner's lack of timeliness, dismissal of the Petition at issue is warranted. See, e.g., Voravongsa v. Wall, 349 F.3d 1, 8 (1st Cir. 2003) (affirming dismissal of petition that was not timely filed).

## CONCLUSION

For the foregoing reasons, the Motion should be allowed, and the Petition should be dismissed with prejudice in its entirety.

Respectfully submitted,

THOMAS F. REILLY
Attorney General

*/s/ Randall E. Ravitz*

Randall E. Ravitz (BBO # 643381)
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ext. 2852

Dated: March 14, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served on March 14, 2005, by first-class mail, postage prepaid, upon:

Vao Sok
W65330
Souza-Baranowski Correctional Center
P.O. Box 8000
Shirley, MA 01464

pro se

*/s/ Randall E. Ravitz*

Randall E. Ravitz