# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VAO SOK, | ) |
|     Petitioner, | ) |
| | ) |
|     v. | )    C.A. No. 04-12674-NG |
| | ) |
| LOIS RUSSO, | ) |
|     Respondent. | ) |

GERTNER, D.J.:

## MEMORANDUM AND ORDER RE:
### RESPONDENT'S MOTION TO DISMISS VAO SOK'S HABEAS PETITION

## I. INTRODUCTION

Petitioner Vao Sok has filed for habeas corpus relief pursuant to 28 U.S.C. § 2254, asking, _inter alia_, for a new DNA test pertaining to evidence in his case. Respondent Lois Russo, Superintendent of the Souza-Baranowski Correctional Center, moves to dismiss the petition on grounds that petitioner has failed to meet the relevant 1-year statute of limitations. Since petitioner's last judgment was on October 8, 2003 -- when his appeal to the Single Justice of the Supreme Judicial Court ("SJC") was denied -- he had until October 8, 2004, to submit his § 2254 petition. As he did not submit the form until March 14, 2005, he missed the deadline by approximately five months.

Petitioner argues that equitable tolling should be employed in this case to bypass the 1-year statute of limitations. To this end, he submits three arguments: (1) that the limitations period should be tolled because petitioner has an I.Q. of only 66 and can barely speak or read English; (2) that the limitations

period is tolled while petitioner is seeking collateral review;
and (3) that petitioner is actually innocent. However, because
petitioner's arguments do not produce the "extraordinary
circumstances" necessary to trigger the application of equitable
tolling, respondent's motion to dismiss is **GRANTED**.

## II. <u>FACTS</u>

On October 1, 1998, petitioner was sentenced in Suffolk
County Superior Court to concurrent life sentences for murder in
the first degree on a theory of felony murder; rape by force of a
child under the age of sixteen; and kidnapping. On February 1,
2002, the Massachusetts SJC affirmed the judgment against
petitioner. On October 8, 2003, petitioner's pro se request to
the Single Justice of the SJC for permission to appeal to the
full court was denied.

On December 13, 2004, petitioner filed the instant habeas
corpus petition pursuant to § 2254. Respondent moved to dismiss
on March 14, 2005, arguing that petitioner has failed to satisfy
the applicable statute of limitations.

## III. <u>LEGAL ANALYSIS</u>

28 U.S.C. § 2244(d)(1)(A) provides that, for habeas corpus
applications, "[a] 1-year period of limitations ... shall run
from ... the date on which the judgment became final by the

conclusion of direct review or the expiration of the time for seeking such review."[1]  Petitioner asks that this limitations period be tolled, so that his habeas petition can be deemed timely.

As a threshold matter, the question of whether equitable tolling is even available to habeas petitioners in the First Circuit is not clearly settled.  Indeed, the First Circuit has stopped short of making a definitive statement.  Neverson v. Farquharson, 366 F.3d 32, 34 (1st Cir. 2004); see, e.g., Donovan v. Maine, 276 F.3d 87, 92-93 (1st Cir. 2002) (denying equitable tolling to petitioner while declining to resolve whether federal courts can apply the remedy in general).

Assuming, arguendo, that equitable tolling is available, the

---

[1] 28 U.S.C. § 2244(d) (as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996)) states:
   (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
      (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
      (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
      (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
      (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

burden of establishing the basis for tolling lies with the party seeking to invoke it.  <u>Trenkler v. U.S.</u>, 268 F.3d 16, 25 (1st Cir. 2001).  Equitable tolling should only be used "sparingly," in order to preserve the usefulness of statutes of limitations as rules of law.  <u>See</u> <u>Irwin v. Dept. of Veterans Affairs</u>, 498 U.S. 89, 95-96 (1990).  Indeed, it is "the exception rather than the rule; resort to its prophylaxis is deemed justified *only in extraordinary circumstances*."  <u>Delaney v. Matesanz</u>, 264 F.3d 7, 14 (2001) (emphasis added).  Accordingly, equitable tolling may not be used to save a petitioner from his own lack of due diligence.  <u>See</u> <u>Baldwin County Welcome Ctr. v. Brown</u>, 466 U.S. 147, 151 (1984).  Rather, tolling is available only when circumstances beyond the petitioner's control have prevented him from filing on time.  <u>Trenkler</u>, 268 F.3d at 25.  Especially in the habeas context, courts must be careful when undermining the "strong concern for finality" embodied in § 2254.  <u>Brackett v. U.S.</u>, 270 F.3d 60, 67 (1st Cir. 2001), <u>abrogated on other grounds</u>, <u>Johnson v. U.S.</u>, __ U.S. __, 125 S. Ct. 1571 (2005).

     As stated above, petitioner argues: (1) that the limitations period should be tolled because he has a low I.Q.; (2) that the limitations period is tolled while a petitioner is seeking collateral review; and (3) that he is actually innocent.

A.   **Petitioner has failed to point to a factual predicate to demonstrate how his low I.Q. caused a situation that was out of his hands and prevented him from timely filing.**

Petitioner's main argument is that his low I.Q. prevented him from filing his habeas petition within the 1-year statutory period, thereby entitling him to equitable tolling.

For support, petitioner points to Calderon v. U.S. Dist. Ct. for Cent. Dist. of CA, 163 F.3d 530 (9th Cir. 1998), to show that mental incompetency has, in some cases, been held sufficient to meet the "extraordinary circumstances" test: "When a putative habeas petitioner's mental competency is at issue, and the record discloses a genuine basis for concern, it is appropriate to toll the AEDPA's time bar until a reasonable period after the district court makes a competency determination." Id. at 541.

While the First Circuit has not spoken to whether low I.Q. specifically qualifies as an "extraordinary circumstance," the court in Giles v. Magnusson, 2002 WL 1313125 (D. Me. Jun. 14, 2002), found the petitioner's "illiterate and mentally challenged self-characterization" to be insufficient to trigger equitable tolling. Id. at **3, 7. The petitioner in Giles claimed that in part because of his mental deficiencies, he misunderstood his filing options. However, because he failed to demonstrate a factual predicate to support a finding that there was an adequate

-5-

obstacle to his meeting the one-year deadline, his claim was
denied.  Id. at *7.  While the court does not specify what kind
of factual predicate would satisfy such a burden, presumably the
petitioner must at least be able to point to a particular
incident or set of circumstances which proves that his low
intelligence directly prevented him from understanding
information regarding his filing options, when prisoners of
normal intelligence had no such trouble.

     Other federal courts have taken a uniformly strong stance
against allowing equitable tolling claims based on the
intelligence of the petitioner.  In Green v. Hinsley, 2004 WL
2486695 (7th Cir. Oct. 28, 2004), the court rejected the
petitioner's claim that his low I.Q. was an "extraordinary
circumstance," concluding that the petitioner "failed to submit
evidence of how his low I.Q. would render him incompetent or
prevent him from timely filing his petition."  Id. at *2; see
also Felder v. Johnson, 204 F.3d 168, 171-72 (5th Cir. 2000)
(neither ignorance of the law, a prisoner's pro se status, nor
illiteracy claims support equitable tolling of the AEDPA statute
of limitations); Villareal v. Dretke, 2005 WL 781766 (N.D. Tex.
Apr. 6, 2005) (petitioner, despite his low I.Q., failed to show
that he was prevented in some extraordinary way from asserting

-6-

his rights and thereby trigger equitable tolling).

In the instant case, petitioner presents no evidence other than the intelligence quotient of 66 itself, which is virtually identical to that of the defendant in Green v. Hinsley, to establish that his aptitude rendered him incompetent to such an extent that he was incapable of timely filing his petition. Indeed, petitioner appears to have faced no obstacles to filing other than those that any petitioner in similar circumstances would face, such as the spatial and temporal restrictions inherent in incarceration.  He presents no evidence of a specific incident or set of circumstances which confirms he faced impediments that, because of his intelligence, were beyond his control.  Thus, a ruling in favor of petitioner would create the unenviable situation where any petitioner with low intelligence could potentially circumvent the 1-year statute of limitations, rendering the provision all but useless.

Moreover, petitioner's mental competency is not at issue in the instant case, as it was for the petitioner in Calderon, the Ninth Circuit case that Vao Sok cites for support: Vao Sok underwent testing following his indictment and was held competent enough to stand trial, notwithstanding his I.Q.  Since petitioner has not demonstrated that his level of competency has

-7-

deteriorated, his low I.Q. is not by itself sufficient to satisfy the "extraordinary circumstances" test.

**B.    Petitioner's second argument fails because he has no pending motions.**

As petitioner notes in his second argument, it is clear that under § 2244(d)(2), the statute of limitations does not run while a motion is pending in state court.  See supra note 1.  In other words, if petitioner had filed an appeal in state court that had yet to be ruled on, the one-year statute of limitations for his habeas petition would be suspended until the resolution of that motion.  However, in this case, petitioner has no pending motions: his last court action -- the request to the Single Justice of the SJC for permission to appeal to the full court -- was decided on October 8, 2003, approximately fourteen months prior to the submission of his habeas petition.  Thus, the explicit statutory language of § 2244(d)(2) gives petitioner no right to equitable tolling.[2]

**C.    Since an actual innocence claim is successful only in the most glaring cases, petitioner's third argument is unpersuasive.**

Petitioner's final claim is that he is actually innocent.

---

[2] Petitioner also cites Fields v. Johnson, 159 F.3d 914 (5th Cir. 1998), in support of his pending motion argument.  However, because the issues in Fields revolve around AEDPA retroactivity -- specifically, whether pending motions prior to the implementation of the AEDPA trigger the equitable tolling of the 1-year period -- it is not applicable to the instant case, which was initiated after the start of the AEDPA.

He contends that his counsel was ineffective for failing to challenge the flawed and outdated method used to test the DNA in his case, and that a DNA test performed using current technology would produce different and exculpatory results. Specifically, he argues that Asians were initially excluded from the database used in the analysis of the DNA, and that when Asians were added to the comparison, the data was from a Chinese laboratory that could not have been as technologically sophisticated as an American laboratory.

Petitioner's argument fails to meet the high burden facing such claims. Indeed, "[t]he actual innocence rubric ... has been firmly disallowed by the Supreme Court as an independent ground of habeas relief, save (possibly) in extraordinary circumstances in a capital case." David v. Hall, 318 F.3d 343, 347-48 (1st Cir. 2003) (citing Herrera v. Collins, 506 U.S. 390, 417 (1993)). Indeed, the actual innocence defense has been employed primarily as a procedural safety valve where an issue was not presented in a timely fashion at the original trial. See Schlup v. Delo, 513 U.S. 298, 333 (1995) (O'Connor, J., concurring).

In Com. v. Sok, 425 Mass. 787 (1997), abrogated on other grounds, Case of Caravan, 432 Mass. 304 (2000), the SJC held that the polymerase chain reaction (PCR) method of DNA testing that is

-9-

at issue in the instant case meets the test of scientific reliability under Commonwealth v. Lanigan, 419 Mass. 15 (1994). Likewise, other courts have routinely approved of the scientific reliability of PCR-based tests, pursuant to the general standard developed in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). See, e.g., U.S. v. Shea, 957 F.Supp. 331, 345 (D.N.H. 1997); U.S. v. Trala, 386 F.3d 536, 541-42 (3d Cir. 2004).

Petitioner submits no real evidence in support of his argument other than pure speculation about the reliability of the DNA test results. Because such conjecture does not make out a predicate showing of "actual innocence" such that no jury would convict him based on the currently known evidence, his innocence claim falters. See David, 318 F.3d at 348.

## IV. CONCLUSION

Since petitioner does not present an argument sufficient to meet the high burden of "extraordinary circumstances" to counteract the strong presumption against using equitable tolling in habeas cases, his habeas petition is time-barred. Therefore, respondent's motion to dismiss is **GRANTED**.

SO ORDERED.
Dated: July 13, 2005                    s/ NANCY GERTNER U.S.D.J.